IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DEREK SCOTT,<br><br>Defendant. | Case No. 12-MJ-184<br><br>ORDER FOR PRETRIAL DETENTION |

On the 5th day of October 2012, this matter came on for hearing on the Government's request to have the Defendant detained prior to a revocation hearing and the Defendant's request for a preliminary hearing. The Government was represented by Assistant United States Attorney Justin Lightfoot. The Defendant appeared personally and was represented by his attorney, JoAnne Lilledahl. For the reasons stated by the Court on the record at the time of hearing, the Court concludes the request for detention should be granted.

## I. RELEVANT FACTS AND PROCEEDINGS

On October 2, 2012, Defendant Derek Scott was charged by Criminal Complaint (docket number 2) with manufacturing 50 plants or more of marijuana.

At the hearing, DEA Special Agent Chris York testified regarding the circumstances underlying the instant charge. On October 1, 2012, law enforcement went to Defendant's residence looking for Patrick Marx, who had absconded from a work release program. No one answered the door at Defendant's residence or at a trailer located next to the residence. Law enforcement left and returned with a search warrant for Defendant's property.

During the search, officers discovered a sophisticated indoor marijuana growing operation in Defendant's trailer. Law enforcement seized 79 marijuana plants, including 11 plants found in the "drying room" of the trailer. Officers also found several firearms in the trailer and the residence, including a loaded shotgun leaning against a wall next to the door of the trailer, a loaded pistol near the entrance of the trailer, and a loaded high-caliber rifle on Defendant's bed in his residence. Law enforcement also observed surveillance cameras on Defendant's residence and trailer. Inside both the trailer and residence, officers found television monitors connected to the surveillance cameras. In addition to the rifle found inside Defendant's bedroom at his residence, law enforcement also found drug paraphernalia, bags containing marijuana, empty plastic baggies, ammunition in Defendant's night stand, and a key to the trailer in Defendant's desk.

While the search of Defendant's property was occurring, Defendant drove by his residence, but did not stop. Shortly after driving by his residence, law enforcement conducted a traffic stop on Defendant, and brought him to his residence. Defendant told officers that he was a lifelong daily marijuana user and weekly user of methamphetamine. Defendant also told law enforcement about the rifle in his bedroom prior to the search of his bedroom. Defendant was arrested and taken to the Benton County jail.

On October 3, 2012, Defendant was released from jail. Later that day, officers went to Defendant's house to arrest him on a federal warrant. Upon arriving at Defendant's residence, law enforcement found a U-Haul in Defendant's front yard. Defendant was arrested without incident. The smell of incense emanated from Defendant's house. Defendant was searched incident to arrest, and a marijuana pipe with ash was found in his pocket.

According to the pretrial services report, Defendant is 50 years old. He was born in Cedar Rapids, Iowa, but has lived his entire life in Vinton, Iowa. Defendant is currently married, but he separated from his wife in 2005. They have no children from their marriage.

Defendant has been employed as a machine operator at Storm Steel in Cedar Rapids for the past ten years. His employer told the pretrial services officer that if released, Defendant would not be able to return to employment at Storm Steel because he was no longer a "dependable" employee. Defendant is in good physical health, and reports no history of mental or emotional health concerns. Defendant told the pretrial services officer that he consumes alcohol about twice per month, but admits that alcohol use has been a problem for him in the past. Defendant also stated that until 2003, he smoked marijuana twice a week, but since 2003, he has smoked marijuana only "once or twice" each year. Defendant successfully completed outpatient substance abuse treatment in 2006.

Turning to Defendant's criminal record, in 1981, at age 18, Defendant was charged and later convicted with possession of a controlled substance. Defendant was convicted of OWI in 1988 and again in 1992. In 2006, Defendant was convicted of possession of marijuana, second offense, and was convicted for a third time of OWI.

In February 2008, Defendant was charged and later convicted with possession of a controlled substance, third offense (two counts), and OWI for a fourth time. In August 2008, Defendant failed to appear for a plea hearing, and an arrest warrant was issued. The warrant was returned in April 2009. In August 2009, Defendant was sentenced to suspended prison terms and three years probation on the possession charges, and 2 years in prison on the OWI charge. Defendant was paroled in January 2010, and discharged from parole in July 2010. In February 2012, Defendant was discharged from probation.

In August 2012, Defendant was charged and later convicted with violation of conditions of a restricted license and possession of drug paraphernalia.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

3

## A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court

4

must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(A)(B) and (E). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

5

## B. Analysis

Turning to the facts in the instant action, Defendant is charged with manufacturing 50 plants or more of marijuana. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(C).

Regarding the second step, there is a rebuttable presumption in favor of detention. There is strong evidence that a sophisticated indoor marijuana growing operation existed in Defendant's trailer located next to his residence. At this time, it is less clear as to the weight of the evidence regarding the level of Defendant's involvement in the marijuana growing operation.

As a general proposition, the combination of drugs and firearms constitutes a danger to the community. Here, officers found a loaded shotgun and a loaded pistol near the entrance of a trailer containing a very sophisticated marijuana growing operation. A loaded high-caliber rifle was also found on Defendant's bed in his residence. Additionally, these weapons were located near surveillance monitoring systems in both Defendant's residence and trailer. Notwithstanding Defendant's statements to the pretrial services officer, there is evidence that Defendant is an active user of controlled substances. At the time he was arrested for the incidents giving rise to the instant charge, Defendant told law enforcement that he was a daily user of marijuana and a weekly user of methamphetamine. On the day he was arrested on the instant federal charge, the same day he was released from Benton County jail, law enforcement found a marijuana pipe on Defendant's person with ash in the pipe. Therefore, based on the serious nature of the offense, the sophisticated marijuana growing operation, including a surveillance system, firearms arms located both near the entrance of the trailer housing the marijuana growing operation and in Defendant's bedroom, Defendant's active use of controlled substances, and the rebuttable presumption, the Court finds that there is no condition or combination of conditions that will assure the safety of the community. Accordingly, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Court finds there is probable cause that Defendant committed the offense charged in the complaint (docket number 2).

2. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

4. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 9th day of October, 2012.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA